UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MARIA STEFFAN FRANK, ET AL.** : **DOCKET NO. 2:18-cv-00779**

**VERSUS** : **JUDGE TRIMBLE**

**PNK (LAKE CHARLES), LLC** : **MAGISTRATE JUDGE KAY**

## REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment [doc. 25] and request for costs filed pursuant to Federal Rule of Civil Procedure 56 by defendant PNK (Lake Charles), LLC ("PNK"). The motion is unopposed. Doc. 33. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

## I.
### BACKGROUND

This case arises from the death of Betty Steffan, which plaintiffs assert was due to head injuries that she suffered when she fell while trying to sit on a swivel stool in front of a slot machine at the L'Auberge du Lac casino in Lake Charles, Louisiana. Doc. 1, att. 1, p. 7. Plaintiffs filed a wrongful death and survival action in the 189th Judicial District Court, Harris County, Texas, against the casino's owner, PNK, seeking damages exceeding $1,000,000 based on PNK's alleged negligence, breach of warranty, and premises liability.[1] *Id.* at pp. 4, 6, 9–16.

---

[1] Plaintiffs' original petition named as defendant "Pinnacle Entertainment, Inc. d/b/a L'Auberge Du Lac Hotel & Casino" ("Pinnacle"), [doc. 1, att. 1, p. 4], which is a Delaware corporation with its principal place of business in Nevada. Doc. 3, p. 7 n. 3. Pinnacle is the sole member of PNK, which actually owns the casino, and is also its registered agent for service of process. *Id.* at p. 7. PNK answered plaintiffs' suit in state court, maintaining that it is the proper defendant and was substituted as defendant. *See id.*

PNK removed the case to the United State District Court for the Southern District of Texas, [doc. 1], and immediately filed a motion to dismiss or, alternatively, to transfer the case. Doc. 3. District Judge Lynn N. Hughes found that personal jurisdiction over PNK was lacking in the Southern District of Texas but determined it was proper in United State District Court for the Western District of Louisiana, and thus ordered the case transferred to this court. Docs. 16–18. After transfer, PNK filed the instant motion for summary judgment. Doc. 25. Plaintiffs do not oppose the motion but instead announce their intention to appeal Judge Hughes' transfer order. Doc. 33.

## II.
### LAW & ANALYSIS

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A fact is material only when it might affect the outcome of the suit under the governing law, and a fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of showing that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After such a showing, the burden shifts to the non-movant to show that there is a genuine factual issue for trial by citing specific evidence in the record, beyond the pleadings, that supports its assertions that a material fact is genuinely in dispute. *Id.* at 324; *see also Diaz v. Kaplan Higher Educ., L.L.C.*, 820 F.3d 172, 176 (5th Cir. 2016) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). The court may not weigh evidence or make credibility determinations when considering a motion for summary judgment. *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987) (quoting *Anderson*, 477 U.S. at 255).

"The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.*

The parties agree that the accident which allegedly resulted in Betty Steffan's death occurred on November 30, 2015, and that plaintiffs filed their original suit in Texas state court on November 14, 2017. Doc. 25, att. 2, p. 1; doc. 33, att. 1, p. 1. Under Texas law, plaintiffs' claims are timely as they were brought within two years from the date of the injury. Tex. Civ. Prac. & Rem. Code § 16.003. However, as PNK correctly notes, a federal court sitting in diversity jurisdiction must apply the choice of law rules of the state in which it sits. *Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 620 (5th Cir. 2014). Thus, we must look to Louisiana's choice of law principles to determine which state's substantive law applies.

Louisiana's general conflict of law provision for delictual and quasi-delictual obligations provides that such actions are "governed by the law of the state whose policies would be most seriously impaired if its laws were not applied to that issue." La. Civ. Code art. 3542. According to Louisiana Civil Code article 3543, "[i]ssues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state or in another state whose law did not provide for a higher standard of conduct." The provisions of Article 3543, when applicable, generally prevail over those of Article 3542. *Id.* at art. 3543, cmt. (b).

In this matter, the alleged conduct and injury occurred in Louisiana. Therefore, art. 3543 mandates that Louisiana law governs plaintiffs' claims. Under La. Civ. Code art. 3492, all tort claims are subject to a prescriptive period of one year from the date the injury occurred or damage was sustained. Because it is undisputed that suit was filed almost two years after Betty Steffan died from the head injuries she allegedly suffered in the fall, plaintiffs' claims are prescribed under

Louisiana law. Thus, PNK's motion for summary judgment should be granted. However, we emphasize that this ruling should pertain only to whether the claims can proceed under Louisiana law. It should have no impact on plaintiffs' ability to proceed in the event that the action is reinstated in Texas and it is determined under Texas choice of law principles that Texas law governs the claims.

When the court enters a judgment, "costs—other than attorney's fees—should be allowed to the prevailing party," unless otherwise provided elsewhere in those rules or by court order or federal statute. Fed. R. Civ. P. 54(d)(1). Under Rule 54(d), there is thus a presumption that the prevailing party is entitled to costs. However, courts have invoked "a wide range of reasons . . . to justify withholding costs from the prevailing party," including "enormous" financial resources of the prevailing party and the fact that the action was prosecuted in good faith by the non-prevailing party. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). Here the prevailing party, a casino operator, is evidently well-resourced. We also note that the prescription issue arose because PNK had succeeded in having the action transferred to this district, and that plaintiffs readily conceded the issue. Accordingly, it appears they have acted in good faith. Based on these factors, plaintiffs should not be required to bear PNK's costs.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that defendant's Motion for Summary Judgment [doc. 25] be **GRANTED** and that all claims be **DISMISSED WITH PREJUDICE** as prescribed under Louisiana law, with each party to bear its own costs.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed

factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 29th day of August, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE